IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| WILLIAM BARRIER ROBERTS, | ) |
|     Plaintiff, | ) Case No. 18-83442-CRJ11 <br> ) Chapter 11 |
| vs. | ) AP No. _____ |
| MELANIE HAMMER MURRAY <br> and RHETT MURRAY, | ) |
|     Defendants. | ) |

## COMPLAINT

COMES NOW the Plaintiff, William Barrier Roberts ("Roberts") and states the following as his Complaint:

## PARTIES

1. Roberts is an adult resident citizen of the State of Alabama who is the minority, non-controlling member of Bullet & Barrel, LLC ("B&B"), an Alabama limited liability company.

2. Defendant Melanie Hammer Murray ("M. Murray") is an adult resident citizen of the State of Alabama who is the majority, controlling member, sole Management Committee member and President of B&B.

3. Defendant Rhett Murray ("R. Murray") is M. Murray's spouse, a guarantor of B&B's construction debt and source of funds for M. Murray's "capital contributions" and "loans" to B&B.

4. B&B owns and operates an indoor shooting range and associated goods shop in a facility located in Huntsville, Madison County, Alabama.

1

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334(b). This Adversary Proceeding is a core proceeding pursuant to 28. U.S.C. § 157(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

7. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

8. Roberts, as a member of B&B, asserts Count Five of this action directly on behalf of B&B against M. Murray, the only other member of B&B, pursuant to Alabama Code 1975, § 10A-5A-9.01(c).

## FACTS

9. Roberts incorporated Bullet & Barrel, Inc. in Alabama on August 5, 2016, for the purpose of establishing and operating an indoor shooting range and training facility in Huntsville. Roberts was the sole shareholder of such corporate entity.

10. Bullet & Barrel, Inc. was converted into a limited liability company, B&B, by Statement of Conversion dated and filed on or about April 19, 2017. As reflected on the Alabama Secretary of State's Business Entity Record for B&B, the nature of B&B's business remains to "operate indoor shooting range/training facility."

11. At about that same time, namely, on or about April 19, 2017, Roberts and M. Murray became B&B's minority and majority members, respectively, and entered into a limited liability company agreement for B&B effective as of August 5, 2016.

12. B&B purchased land on which to construct its facility from a related entity, Roberts, LLC, the members of which are Roberts and M. Murray.

13. M. Murray has engaged in a course of conduct intended to oppress Roberts in his capacity as the minority, non-controlling member of B&B, and to squeeze Roberts out of B&B by, among other things, those actions addressed in paragraphs 14 through 27 below.

14. M. Murray insisted on reengineering the B&B facility to be constructed, on the land acquired by B&B from Roberts, LLC, for the sole purpose of changing the zip code to be assigned to that facility, which unreasonably increased the cost of construction substantially.

15. M. Murray abandoned the business plan for B&B, to the extent it provided for the operation of the gun range and provision of related services and equipment as its "backbone," in favor of endeavoring to market and operate B&B as "Huntsville's largest independently owned apparel store"/"Huntsville's largest boutique," including intentionally or recklessly over-investing in high-end women's apparel unrelated to firearms and gun range activities. Predictably, this intentional or reckless hijacking of the enterprise prompted the following response of, on information and belief, one of B&B's predominantly male members: "Apparel?! I want to shoot!" Such response was contained on M. Murray's Facebook page until it recently was stripped of all postings containing photographs and information concerning the aforementioned apparel.

16. M. Murray recently has been seeking to dispose of B&B's excessive inventory of women's apparel through consignment shops and sales advertised most recently as "below costs," following steeply discounted sales.

17. On multiple occasions, subsequent to initial capital contributions, M. Murray has required Roberts to further fund B&B to defray operational expenses of B&B that nevertheless went unpaid as a consequence of her financial mismanagement. M. Murray then expressly predicated some additional requests for funding from Roberts to pay those same B&B expenses.

Most recently, M. Murray made formal capital calls to Roberts that were based, in part, on some of those same expenses.

18. On information and belief, M. Murray also utilized funding received from Roberts to pay for excessive purchases of apparel that she made unilaterally and regularly. On information and belief, M. Murray began purchasing apparel in approximately June 2017 – more than ten months before B&B opened the range, and continued thereafter rather than pay certain critical operating expenses, such as amounts owed for purchases of firearms, for which Roberts provided such funding. On information and belief, M. Murray's initial apparel purchases were made without disclosure to Roberts and later claimed by her as part of her initial capital contributions, also without disclosure to Roberts. M. Murray repeatedly made such apparel purchases against the advice not only of Roberts and B&B's bookkeeper, but also B&B's certified public accountant ("CPA").

19. M. Murray also unilaterally entered into costly and poorly sequenced advertising contracts for B&B, some before B&B had opened for business, and, upon information and belief, at least some of which was vanity promotion for herself. Such advertising also was purchased despite the objections of Roberts, and both B&B's bookkeeper and CPA.

20. Following M. Murray's repeated efforts to undermine Roberts' authority as an officer of B&B with its employees, consultants and prospective customers, M. Murray retaliated against Roberts by unilaterally terminating his employment with B&B for his questioning of her management decisions. M. Murray has instructed B&B's CPA to refrain from providing to Roberts certain information and documents that he has requested for the legitimate purpose of remaining informed concerning the operations of B&B, of which he remains a member owning

4

forty-nine percent (49%) of the membership interest, and officer, albeit stripped of all authority as such by M. Murray. M. Murray also has excluded Roberts from the B&B facility.

21. M. Murray has failed to heed the advice of B&B's CPA to reduce a sizeable B&B payroll, even increasing it after her termination of Roberts' employment (for which he had been paid no compensation and provided no benefits, despite working for B&B full time), and despite continuing, monthly net operating losses.

22. Upon information and belief, M. Murray engaged in the aforementioned financial mismanagement of B&B intentionally in order to place the company in a financially distressed condition as a pretext for insisting upon additional financial contributions to the business by Roberts by means of capital calls in October 2018, in response to which she herself failed to make capital contributions proportionate to her membership interest in B&B. M. Murray has done so in an effort to either dilute Roberts' membership interest in B&B or to coerce him into a "fire sale" buyout of his interest in B&B. On information and belief, M. Murray has engaged in such conduct in concert with her spouse, R. Murray, who, upon information and belief, has aided and abetted her by furnishing the funds for her capital contributions and loans to B&B, and who was knowledgeable concerning and otherwise complicit with M. Murray's aforesaid financial mismanagement of B&B, to the detriment of Roberts, whom R. Murray has referred to as his "partner." On information and belief, R. Murray has obtained preferential payments from B&B classified as M. Murray loan balance reductions, and an M. Murray capital account balance reduction labeled "Reimbursement For Fixture."

23. In late October 2018, M. Murray unilaterally instructed B&B's CPA to "reclassify" any funds paid during 2018 into B&B by Roberts and her "as capital contributions," in order to

5

Case 19-80017-CRJ    Doc 1    Filed 03/21/19    Entered 03/21/19 16:12:04    Desc Main
Document      Page 5 of 11

disguise the recent, formal capital calls she made as part of a plan to effectuate dilution of Roberts' interest in B&B or obtain his interest for little or nothing.

24. The acts and omissions of M. Murray have been committed for the purpose of wrongfully diluting Roberts' interest in B&B or forcing the sale of his interest to her for little or nothing.

25. The acts and omissions of M. Murray constitute concealment from and oppression of the minority, non-controlling member, Roberts, as well as squeeze-out of him as the minority, non-controlling member of B&B.

26. Upon information and belief, M. Murray and R. Murray have acted in conspiracy with each other by, among other things, making and funding, respectively, loans to B&B with the intention of wrongfully diluting Roberts' interest in B&B and oppression and squeeze-out of him as the minority, non-controlling member of B&B.

27. As a proximate result of the acts and omissions of M. Murray and R. Murray as described hereinabove, Roberts has suffered direct and individual damages and files Counts I – IV of this Complaint to recover for such direct and individual damages.

## COUNT ONE
## BREACH OF FIDUCIARY DUTIES

28. Roberts reasserts and realleges each and every allegation made in the preceding paragraphs as if fully set forth herein.

29. M. Murray, as the sole member of B&B's Management Committee and its President, has authority to direct and oversee the activities and affairs of B&B, and so owes to Roberts, as a member of B&B, fiduciary duties of loyalty and care.

30. M. Murray has breached her aforesaid fiduciary duties by, among other things, failing to refrain from grossly negligent and/or reckless conduct and/or intentional misconduct in

6

mismanaging the activities and affairs of B&B, and failing to account for property and/or benefit derived by her in the operation of B&B.

31. Roberts has been directly and individually damaged as a proximate result of the conduct of M. Murray.

WHEREFORE, PREMISES CONSIDERED, Roberts hereby prays for entry of judgment against M. Murray in such form as the Court may determine, including compensatory and punitive damages, fees, costs, interest, expenses, and any other relief to which the trier of fact may determine Roberts is entitled.

## COUNT TWO
## OPPRESSION, DILUTION & SQUEEZE-OUT OF MINORITY MEMBER
## BY MAJORITY, CONTROLLING MEMBER

32. Roberts reasserts and realleges each and every allegation made in the preceding paragraphs as if fully set forth herein.

33. M. Murray, as majority and controlling member of B&B, owed a duty of fairness to Roberts as a minority member.

34. The conduct of M. Murray, as described hereinabove, was a breach of the duty of fairness and was undertaken as part of a wrongful scheme of oppression, dilution, and squeeze-out of Roberts, minority member, by M. Murray, majority member.

35. Roberts has been directly and individually damaged as a proximate result of the conduct of M. Murray.

WHEREFORE, PREMISES CONSIDERED, Roberts hereby prays for entry of judgment against M. Murray in such form as the Court may determine, including compensatory and punitive damages, fees, costs, interest, expenses, and any other relief to which the trier of fact may determine Roberts is entitled.

## COUNT THREE
## CONSPIRACY

36. Roberts reasserts and realleges each and every allegation made in the preceding paragraphs as if fully set forth herein.

37. M. Murray and R. Murray intentionally agreed to act together to accomplish an unlawful end and did so act in concert to commit a wrong against Roberts.

38. M. Murray and R. Murray intentionally agreed to act together to accomplish a lawful end by unlawful means and in doing so committed a wrong against Roberts.

WHEREFORE, PREMISES CONSIDERED, Roberts hereby prays for entry of judgment against M. Murray and R. Murray in such form as the Court may determine, including compensatory and punitive damages, fees, costs, interest, expenses, and any other relief to which the trier of fact may determine Roberts is entitled.

## COUNT FOUR
## VIOLATION OF ALA. CODE § 10A-5A-4.09

39. Roberts reasserts and realleges each and every allegation made in the preceding paragraphs as if fully set forth herein.

40. Roberts requested production of various documents from B&B's CPA, which are required to be maintained and to which Roberts is entitled to access pursuant to Ala. Code § 10A-5A-4.09, which provides in pertinent part:

> (b) Subject to subsection (g), on 10 days' notice made in a writing received by the limited liability company, the records set forth in subsection (a) above, and any other **books and records** of the limited liability company, wherever situated, are subject to inspection and copying for any proper purpose by any member or the member's agent or attorney during regular business hours. Subject to subsection (g), any person with the authority to bind the limited liability company under Section 10A-5A-3.02 and any person with the authority to direct and oversee the activities and affairs of a limited liability company who, without reasonable cause,

> refuses to allow any member or the member's agent or attorney to inspect or copy any books or records of the limited liability company for any proper purpose shall be personally liable to the member for a penalty in an amount not to exceed 10 percent of the fair market value of the transferable interest of the member, in addition to any other damages or remedy.

41. M. Murray directed B&B's CPA to not furnish certain requested documents to Roberts, blocking Roberts' access to information to which Roberts is statutorily entitled.

42. M. Murray wrongfully denied Roberts access to records of B&B, in violation of Ala. Code § 10A-5A-4.09(b) and is therefore personally liable to Roberts for 10% of the value of his interest in B&B, plus damages as provided in the statute.

WHEREFORE, PREMISES CONSIDERED, Roberts hereby prays for entry of judgment against M. Murray in such form as the Court may determine, including compensatory and punitive damages, fees, costs, interest, expenses, and any other relief to which the trier of fact may determine Roberts is entitled.

## COUNT FIVE
## BREACH OF FIDUCIARY DUTIES

43. Roberts reasserts and realleges each and every allegation made in the preceding paragraphs as if fully set forth herein.

44. M. Murray, as the sole member of B&B's Management Committee and its President, has authority to direct and oversee the activities and affairs of B&B, and so owes to B&B, fiduciary duties of loyalty and care.

45. M. Murray has breached her aforesaid fiduciary duties by, among other things, failing to refrain from grossly negligent and/or reckless conduct and/or intentional misconduct in mismanaging the activities and affairs of B&B, and failing to account for property and/or benefit derived by her in the operation of B&B.

46.     B&B has been damaged as a proximate result of the conduct of M. Murray.

WHEREFORE, PREMISES CONSIDERED, Roberts hereby prays for entry of judgment in favor of B&B against M. Murray in such form as the Court may determine, including compensatory and punitive damages, fees, costs, interest, expenses, and any other relief to which the trier of fact may determine B&B is entitled.

Date: March 21, 2019

                                              Respectfully submitted,

*/s/Stuart M. Maples*
Stuart M. Maples
smaples@mapleslawfirmpc.com

**OF COUNSEL:**

MAPLES LAW FIRM, PC
200 Clinton Ave. West, Ste 1000
Huntsville, AL  35801
Telephone: (256) 489-9779
Facsimile:  (256) 489-9720

*/s/ John J. Callahan, Jr.*
John J. Callahan, Jr.
jcallahan@callahanpc.com

*/s/ Lisa M. English*
Lisa M. English (GEL005)
lenglish@callahanpc.com

**OF COUNSEL:**

CALLAHAN PC
301 Washington Street, Suite 301
Huntsville, Alabama 35801
Telephone: (256) 382-5180
Facsimile:  (256) 704-0165

*Attorneys for William Barrier Roberts*

10

DEFENDANTS TO BE SERVED AT THE FOLLOWING:

Melanie Hammer Murray
612 Eustis Avenue
Huntsville, Alabama 35801

Rhett Murray
612 Eustis Avenue
Huntsville, Alabama 35801