IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **In the Matter of** | } | |
| | } | |
| **WILLIAM BARRIER ROBERTS,** | } | Case No. 18-83442-CRJ11 |
| | } | |
| Debtor. | } | Chapter 11 |
| | } | |
| **WILLIAM BARRIER ROBERTS,** | } | |
| | } | |
| Plaintiff/Counter-Defendant, | } | |
| | } | |
| v. | } | AP No. 19-80017-CRJ |
| | } | |
| **MELANIE HAMMER MURRAY,** | } | |
| | } | |
| Defendant/Counter-Plaintiff, | } | |
| | } | |
| and **BULLET & BARREL, LLC,** | } | |
| | } | |
| Counter-Plaintiff. | } | |

## MOTION TO DISMISS COUNTERCLAIM

Counter-Defendant, William Barrier Roberts ("Roberts"), pursuant to Rules 7012(a) and (b), Federal Rules of Bankruptcy Procedure, and Rule 12(b)(6), Federal Rules of Civil Procedure, hereby moves the Court for entry of an Order dismissing "Defendants' Counterclaim" [Bankr. Dkt. 39] ("Counterclaim") for failure to state claims upon which relief can be granted.[1] As grounds for this Motion, Roberts shows the Court as follows:

1. In Count I of the Counterclaim, Counter-Plaintiff Melanie Murray ("Murray") asserts a claim for damages against Roberts for his alleged failure to pay a portion of capital calls, which she in her capacity as the sole Management Committee member of Bullet & Barrel, LLC

---

[1] Roberts consents to entry of final orders and judgment by this Court.

("B&B") made in October 2018. Counterclaim at 13, ¶¶ 70-74. Assuming *arguendo* (for this motion only) both the appropriateness of the capital calls on which Murray bases such claim, and the validity of the B&B Company Agreement ("B&B Agreement") (Exhibit "A" to the Counterclaim) [Bankr. Dkt. 39-1], Murray has failed to satisfy the requirements of that agreement for asserting such claim.

2. Section 2.2(c)(i) of the B&B Agreement sets out both the sole and exclusive remedy for a claim against a Member who fails to make a **capital** contribution in response to a capital call as follows:

> (c) <u>Failure to Contribute Capital</u>. If a Non-Contributing Unitholder fails to make an additional Capital Contribution required by <u>Section 2.2(b)</u> within the ten (10) day period set forth there (the amount of the failed contribution shall be the "Default Amount"), **the contributing Common Unitholder(s) (the "Contributing Unitholders")** shall have any one or more of the following remedies as their **sole and exclusive remedies at law** or in equity in connection with the applicable default, **which remedies shall be elected by** the majority of the Members that are also **Contributing Unitholders** (based on Percentage Interests); provided, however, that if such Members elect the remedy set forth in <u>Section 2.2(c)(ii)</u>, they may not elect the remedies set forth in <u>Section 2.2(c)(i)</u> in connection with the applicable default:
> 
> (i) to advance to the Company on behalf of, and as a loan to the Non-Contributing Unitholder, an amount equal to the Default Amount to be evidenced by a promissory note in form satisfactory to the Contributing Unitholder(s), payable on demand and bearing interest at the rate of eight percent (8.0%) per annum (each such loan, a "Default Loan"). **The Capital Account of the Non-Contributing Unitholder shall be credited with the amount of such Capital Contribution and such amount shall constitute a debt owed by the Non-Contributing Unitholder to the Contributing Unitholder(s)**. …

(B&B Agreement at 2, Section 2.2(c)(i) (emphasis added).

3. Murray contributed no capital for herself, much less for Roberts, in response to the capital calls she made in October, 2018: "Since completing her initial Capital Contributions in 2017, Murray has provided approximately $1.1 million in net additional funding to keep B&B afloat, **all of which B&B has booked as debt repayable to Murray**." Counterclaim at 5, ¶ 29 (emphasis added). Accordingly, Murray was not a "Contributing Unitholder" in response to either

2

Case 19-80017-CRJ    Doc 47    Filed 09/09/19    Entered 09/09/19 13:29:58    Desc Main
Document      Page 2 of 6

capital call on which she predicates her claim for an alleged Default Loan to Roberts, which is the basis of her claim in Count I of the Counterclaim. Accordingly, since Murray only loaned funds directly to B&B and so "booked as debt repayable to Murray," Roberts' Capital Account was <u>not</u> credited with a capital contribution for either capital call. Hence, the debt on which Murray asserts such claim against Roberts was and remains a debt of B&B, not Roberts.[2]

4. Count II of the Counterclaim for alleged "wrongful disassociation" by Roberts also is due to be dismissed, because it is predicated upon Roberts' filing of his petition in bankruptcy. <u>See</u> Counterclaim at 12, ¶¶ 65, 66. <u>See</u> <u>id.</u> at 3, ¶ 18.

5. In doing so, Murray (both for herself and B&B) seeks to impose liability for damages on Roberts beyond "any other debt, obligation or liability of the Member to the Company or the other Members." <u>Id</u>. at 3, ¶ 18 <u>quoting</u> B&B Agreement Section 6.4(b), and ¶¶ 67 and 69. This unquestionably would constitute a diminishment and impairment of Roberts' economic interest and rights in B&B, which are assets of his bankruptcy estate.

6. In a scholarly opinion, the Bankruptcy Court in <u>Pearce v. Woodfield</u>, 2019 Bankr. LEXIS 1607, 2019 WL 2183039 (Bankr. Ore., May 16, 2019), held that a Debtor's economic and voting rights as an LLC member cannot be terminated or modified solely as a result of filing a bankruptcy petition because provisions of an Operating (Company) Agreement and/or the LLC statute providing for same are unenforceable in bankruptcy under Section 541(c)(1) of the Bankruptcy Code. 2019 Bankr. LEXIS 1607 *9, *10. The Court should follow such persuasive authority in dismissing Count II of the Complaint.

---

[2] Indeed, Murray herself has defaulted on her obligation to contribute **capital**, rather than loaned funds, in response to the capital calls she herself made, in breach of the B&B Agreement. She elected instead to saddle B&B with substantial additional debt to her during her continuing, gross mismanagement of B&B.

3

7. Count III of the Counterclaim for a declaratory judgment, to the limited extent that it is not otherwise so vague as to provide insufficient notice as to the matters in dispute as to which a declaration is sought, is no less viable than Counts I and II of the Counterclaim. It specifically requests a declaratory judgment with respect to only Sections 2.2(a) and 10.10(b) of the B&B Agreement, which provide respectively, as follows:

> **2.2 (a) <u>Permitted Capital Contributions</u>**. Unitholders may make additional capital Contributions only with the written consent or vote of the Management Committee, in which event the Company shall issue to any contributing Unitholder additional Units in an amount to be determined by the Management Committee.
>
> . . .
>
> **10.10 (b) <u>Issuance of Additional Units</u>**. In addition to the adjustments permitted by <u>Section 2.2(a)</u>, the Company, upon consent or vote of the Management Committee, may increase the number of Units owned by an existing Member upon such terms and conditions as may be determined appropriate by the Management Committee.

B&B Agreement, Sections 2.2(a) and 10.10(b).

8. Since, as appears on the face of the Counterclaim itself, Murray contributed no capital in response to the capital calls she made in October 2018, making loans to B&B instead, she is in willful breach of the B&B Agreement, even as she now seeks to use these other provisions of that agreement to dilute Roberts' interest in B&B. <u>See</u> Counterclaim at 5, ¶ 29. Where the existence of such a defense or avoidance appears "on the face of" the claim itself, as here, such defense may be adjudicated on a Rule 12(b)(6) motion. <u>Boyd v. Williams</u>, 2016 U.S. Dist. LEXIS 10508, *15, 2016 WL 362404 (N.D. Ala., January 29, 2016), <u>citing</u> <u>Davidson v. Maraj</u>, 609 Fed. Appx. 994, 997 (11th Cir. 2015). "When this occurs, the Complaint [or Counterclaim] has a built-in defense, and is essentially self-defeating. <u>Id.</u>, *16. Accordingly, the Court should dismiss this claim brought by a Member who is in continuing, antecedent breach of her own capital contribution obligation to B&B, as well as by B&B under her exclusive control, for a declaratory judgment not only about issuing further membership units to herself for *voluntarily* contributing additional

4

capital hereafter pursuant to Section 2.2(a) of the B&B Agreement, but also about issuing additional membership units to herself otherwise pursuant to Section 10.10(b), in both instances as she in her capacity as the sole member of the Management Committee may determine.

WHEREFORE, for the foregoing reasons, Roberts respectfully requests that the Court dismiss the Counterclaim in its entirety.

Respectfully submitted,

 /s/John J. Callahan, Jr.
John J. Callahan, Jr.
Email: jcallahan@callahanpc.com
Lisa English
Email: lenglish@callahanpc.com

**OF COUNSEL:**

CALLAHAN PC
Post Office Box 2564
Huntsville, Alabama  35804
Telephone: (256) 382-5180
Facsimile: (256) 704-0165


**OF COUNSEL:**

Stuart M. Maples
MAPLES LAW FIRM, PC
200 Clinton Ave. West, Ste 1000
Huntsville, AL  35801
Telephone: (256) 489-9779
Facsimile: (256) 489-9720
Email: smaples@mapleslawfirmpc.com

Counsel for Counter-Defendant
William Barrier Roberts

**CERTIFICATE OF SERVICE**

       I hereby certify that on September 9, 2019, I electronically filed the foregoing with the Court using the CM/ECF system, which will send the notice of the filing to Counter-Plaintiffs' counsel of record as follows:

Walter A. Dodgen
David R. Beasley
MAYNARD, COOPER & GALE, P.C.
655 Gallatin Street S.W.
Huntsville, Alabama 35801

Jayna P. Lamar
Stewart A. Kelly
Christian A. Pereyda
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203

                                                    */s/John J. Callahan, Jr.*
                                                    John J. Callahan, Jr.

6

Case 19-80017-CRJ   Doc 47   Filed 09/09/19   Entered 09/09/19 13:29:58   Desc Main
Document   Page 6 of 6